UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
JOANNA LYNN BELANGER, and            )
ESTATE OF WILLIAM A. MARSHALL, SR.   )
    *Plaintiffs*                         )
                                     )
v.                                   )   C.A. No.: 1:16-cv-10777
                                     )
WELLS FARGO BANK, N.A. as TRUSTEE for )
GMACM MORTGAGE LOAN TRUST 2006-J1, and )
OCWEN LOAN SERVICING, LLC            )
    *Defendants*                         )
_____)

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COMES the Plaintiff, Joanna Lynn Belanger, by and through her attorney, and hereby submits this Opposition to Defendants' Motion for Judgment on the Pleadings (the "Motion"). In furtherance hereof, Plaintiff states:

- Defendants' Motion is procedurally defective because it attacks Plaintiff's original pleading which she has sought leave to amend without opposition from Defendants;

- Defendants' Motion is procedurally defective because it attacks the Proposed First Amended Verified Complaint prior to the filing of Defendants' Answer to the same;

- Defendants' Motion is procedurally defective because it contests the merits of Plaintiff's claims, <u>not</u> the legal sufficiency thereof; and

- Plaintiff has adequately stated a claim for relief on all counts.

### FACTUAL AND PROCEDURAL BACKGROUND

On or about August 15, 2003, William A. Marshall (hereinafter, "Mr. Marshall") and Plaintiff took title to the Property as joint tenants with rights of survivorship by virtue of a quitclaim deed from Mr. Marshall. On or about November 8, 2005, Mr. Marshall borrowed

1

Three Hundred Fifty Thousand Dollars ($350,000.00) to refinance the Property.  At the closing, GMAC Mortgage Corporation – the named "lender" in the transaction – instructed Mr. Marshall to execute at least two versions of an identical promissory note, which Mr. Marshall did.  GMAC Mortgage Corporation also instructed Mr. Marshall and Ms. Belanger to execute a mortgage encumbering the Property and grant it to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for GMAC Mortgage Corporation (the "Mortgage"). *See Verified Complaint* at **Attachment 1**.  Plaintiff did not borrow any funds, nor did she sign any version of the promissory note.

Shortly after the closing, GMAC Mortgage Corporation specially endorsed one version of the promissory note (the "Deutsche Bank Note") to Deutsche Bank Trust Company Americas (hereinafter, "Deutsche Bank"). *See Verified Complaint* at **Attachment 2**.  Said endorsement bore the signature of "D. Chiodo, Assistant Secretary, GMAC Mortgage Corp., Inc." and was dated November 8, 2005. In exchange for the Deutsche Bank Note, on November 14, 2005, Deutsche Bank delivered Three Hundred Forty Three Thousand Seven Hundred Forty Dollars and Seventy Two Cents ($343,740.72) via wire transfer to the closing attorney for the purpose of funding Mr. Marshall's loan. *See Verified Complaint* at **Attachment 3**.

On or about February 3, 2006, GMAC Mortgage Loan Trust 2006-J1 (the "Trust") was purportedly created.  Wells Fargo, N.A. (hereinafter, "Wells Fargo, as Trustee") is purportedly the Trustee for the Trust pursuant to a Pooling and Servicing Agreement, dated February 27, 2006.  On or about November 1, 2006, GMAC Mortgage, LLC succeeded GMAC Mortgage Corporation in all respects vis-à-vis GMAC Mortgage Corporation's capacity as a loan originator, lender, and/or loan servicer.[1]  On or about May 14, 2012, GMAC Mortgage, LLC

---

[1] According to the U.S. Securities and Exchange Commission, "GMAC Mortgage Corporation" ceased all SEC filings as of October 20, 2005; thereafter all SEC filings were made by GMAC Mortgage, LLC.  According to the Secretary

(Case No. 12-12032) filed a voluntary petition (Chapter 11) with the United States Bankruptcy Court for the Southern District of New York.

On June 30, 2012, GMAC Mortgage, LLC filed "Schedules of Assets and Liabilities" (Document No. 550), and on July 3, 2012, GMAC Mortgage, LLC filed "Amended Schedules of Assets and Liabilities" (Document No. 685) with the Bankruptcy Court.  Collectively, both filings will be referred to as the "Asset Schedules."  The Asset Schedules were signed under the pains and penalties of perjury, and <u>neither</u> document identified any interest – legal, equitable, or otherwise – held by GMAC Mortgage, LLC in the Property.  Yet, on or about August 1, 2012, MERS, acting as nominee for GMAC Mortgage Corporation (and its successors and/or assigns, i.e., GMAC Mortgage, LLC), purportedly assigned the Mortgage to WF, as Trustee. *See Verified Complaint* at **Attachment 4**.

Mr. Marshall died on or about May 8, 2013, leaving Plaintiff as the sole titleholder to the Property.  Since March 12, 2014, Plaintiff has received three separate notices stating Wells Fargo, as Trustee's, intent to foreclose on the Property.  The third notice was sent to Plaintiff on or about March 30, 2016, with a scheduled foreclosure date of April 29, 2016 at 1:00 p.m.  The notice included a copy of the purported promissory note upon which Wells Fargo, as Trustee, now relies in pursuing a foreclosure of the Property.  This version of the promissory note contained an undated, in blank endorsement by "D. Chiodo, Limited Signing Officer, Acting Agent for GMAC Mortgage Corporation" (the "In Blank Note"). *See Verified Complaint* at **Attachment 5**.  The notice also contained a "Mortgagee's Notice of Sale of Real Estate" and "Certificate Relative to Foreclosing Party's Right to Foreclose Pursuant to 209 CMR 18.21A(2)(c)," in which both Wells Fargo and Defendant Ocwen Loan Servicing, LLC

---

of the Commonwealth of Massachusetts, GMAC Mortgage Corporation withdrew its corporate registration on December 12, 2006.

("Ocwen") certify that Wells Fargo's standing is predicated on the August 1, 2012 assignment of mortgage from MERS acting as nominee for GMAC Mortgage Corporation (and its successors and/or assigns, i.e., GMAC Mortgage, LLC). *See Verified Complaint* at **Attachment 6**; **Attachment 7**.

On or about April 21, 2016, Plaintiffs commenced this action in the Massachusetts Superior Court by filing a Complaint, an *Ex Parte* Motion for Short Order of Notice, and an Emergency Motion for Preliminary Injunctive Relief. Plaintiffs' Complaint, Summons, Order of Notice and the aforesaid emergency motion, including all related attachments, were duly served on the Defendants. On or about April 26, 2016, Defendants filed a Notice of Removal with this Court. On April 27, 2016, Defendants filed said Notice of Removal with the Massachusetts Superior Court.

## **LEGAL STANDARD**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings "[a]fter the pleadings are closed." FED. R. CIV. P. 12(c). When presented with a Rule 12(c) motion, the Court's construction of the pleadings must be liberal, and the motion should only be allowed only if a plaintiff can prove <u>no</u> set of facts in support of a claim that would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In so deciding a Rule 12(c) motion, the Court must accept the allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008). Apart from the pleadings, "[t]he court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice." *R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006).

# ARGUMENT

## I. DEFENDANTS' MOTION IS PROCEDURALLY DEFECTIVE, AND THUS, SHOULD BE DENIED.

Defendants' Motion is procedurally defective in several key respects. First, it attempts to attack a pleading that Plaintiff has sought leave to amend without opposition from Defendants – a request that should not be denied. Second, the Motion attempts to attack an amended pleading that Defendants have not yet answered, making a Rule 12(c) motion premature. Third, Defendants' Motion incorporates documents and facts outside the pleadings and argues that they should ultimately prevail in this matter, <u>not</u> that Plaintiff's pleadings are defective. As a result, the Motion should be <u>DENIED</u>.

### A. **To the Extent Defendants' Motion Targets the Original Verified Complaint, Plaintiff Has Already Sought Leave to Amend Her Pleading Without Opposition from Defendants – a Request That Should Be Allowed.**

To the extent that Defendants' Motion attempts to target Plaintiff's original Verified Complaint, such attack is futile at this juncture. On September 25, 2016, Plaintiff filed a Motion for Leave (hereinafter, the "Motion for Leave") to File Proposed First Amended Verified Complaint (hereinafter, the "Amended Complaint"), which introduced several new factual allegations and two additional claims against Defendants. <u>Defendants have not opposed Plaintiff's Motion for Leave</u>.

The Federal Rules of Civil Procedure direct the Court to "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Kane v. Town of Sandwich*, 123 F.Supp.3d 147, 158 (D. Mass. 2015). The United States Supreme Court has described this provision of Rule 15(a) as a <u>mandate</u> – stating, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In *Foman*, the Court further declared that:

> "If the underlying facts or circumstances relied upon by a plaintiff

> may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id*. at 182.

Stated differently, "… if the plaintiff has at least colorable grounds for relief, justice does so require [granting leave to amend a complaint] unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party." *S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Housing Development Fund Co., Inc.*, 608 F.2d 28, 42 (2d Cir. 1979).

Defendants have not accused Plaintiff of undue delay, bad faith, or dilatory motive in pursuit of leave to file her Amended Complaint. In fact, Defendants have offered <u>no</u> opposition to Plaintiff's efforts to amend her pleading. Thus, barring *sua sponte* action by this Court, Plaintiff should be allowed the opportunity to file her amended pleading, and to the extent Defendants' Motion levies an attack on the sufficiency of the original pleading, the Motion should be <u>denied</u>.

> **B. To the Extent Defendants' Motion Targets the Proposed First Amended Verified Complaint, a Rule 12(c) Motion is Premature Since Defendants Have Not Yet Answered the Allegations Therein.**

To the extent Defendants' Motion targets Plaintiff's Amended Complaint, the Motion is premature because Defendants have not answered the allegations contained in said filing. Indeed, a Rule 12(c) motion implicates the pleadings as a whole, and is only appropriate "[a]fter the pleadings are closed." FED. R. CIV. P. 12(c); *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 55 (1st Cir. 2006). Since an answer to a complaint is considered a "pleading" as envisioned by the Federal Rules of Civil Procedure, *see* FED. R. CIV. P. 7(a)(2), Defendants have not yet closed the

pleadings as to Plaintiff's proposed amended pleading. Moreover, neither the Plaintiff nor this Court have any reason to believe that Defendants will not answer the allegations contained in the Amended Complaint should said filing become part of the record. Defendants' Motion asks this Court to make a ruling regarding the <u>entirety</u> of the pleadings without either answering the allegations of the Amended Complaint or allowing the time to submit an answer to the same to expire which would be an admission to the allegations contained therein. *See* Fed. R. Civ. P. 8(b)(6). Although Defendants argue that the allegations and claims in the Amended Complaint are "futile," such an argument is one that may be employed to oppose the moving party's request for leave to amend, <u>not</u> as part of an argument which tests the sufficiency of the pleadings. *See Foman*, 371 U.S. at 182. Again, Defendants have <u>not</u> opposed Plaintiff's pending Motion for Leave within the time allotted by this Court's Local Rules.

As a result, to the extent Defendants' Motion levies an attack on the sufficiency of the Amended Complaint, the Motion should be <u>denied</u>.

### C. **Defendants' Motion, and its Introduction of Materials Outside the Pleadings, is Tantamount to an Argument on the Merits, Not an Attack on the Sufficiency of the Pleadings.**

Defendants' Motion should likewise be denied because it is a thinly-veiled attempt to have this Court decide the merits of the case through a Rule 12(c) motion – a blatant misuse of the construct. Defendants make the following merit-based arguments in their memorandum in support of the Motion (not an exhaustive list):

1. "Wells Fargo as Trustee Lawfully Holds of the Mortgage[.]" *Defts' Memo. of Law in Support of Their Mot. for Judg. on the Pleadings* at p. 6.

2. "Wells Fargo as Trustee is the Holder of the Note[]." *Id.* at 7.

3. "Wells Fargo as Trustee is entitled to foreclose because it holds the Note and Mortgage as set forth above and as required by Massachusetts law." *Id.* at 9.

4. "This Court has already found that the Plaintiff is unlikely to succeed on the merits. Nothing in Plaintiff's proposed Amended Complaint does anything to change this analysis. Therefore judgment should enter in favor of Defendants on this claim in the event it is ever formally filed." *Id.* at 11.

At this juncture, any attack to be made upon the merits of Plaintiff's claims may only be presented by way of a motion for summary judgment. When evaluating a motion for summary judgment, the Court must determine whether the movant has demonstrated there to be "no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In determine whether a "fact cannot be or is genuinely disputed[,]" such asserts must be supported by

> "…citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or…showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)(B).

Plaintiff is awaiting Defendants' response to Plaintiff's request for production of documents and additional discovery efforts by Plaintiff are forthcoming. This Court's Scheduling Order, dated August 1, 2016, has set the final deadline for fact discovery, exempting expert discovery, to be completed by February 28, 2017 – Plaintiff fully intends to utilize the remaining time to conduct discovery. Any decision on the merits of Plaintiff's claim at this point is premature given the <u>vast</u> amount of outstanding discovery and so, the Motion should be <u>denied</u>.

## II. **PLAINTIFF HAS SUFFICIENTLY RAISED CLAIMS THAT ENTITLE HER TO RELIEF, AND THUS, DEFENDANTS' MOTION SHOULD BE DENIED.**

In both her original Verified Complaint, and in her Amended Complaint, Plaintiff's has sufficiently raised claims that plausibly entitle her to relief, and as a result, Defendants' Motion should be denied.

### A. **Plaintiff Has Adequately Stated a Claim for a Declaratory Judgment.**

Plaintiff has adequately stated a claim for a declaratory judgment against Defendants. "In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). To satisfy the case-or-controversy requirement of the Declaratory Judgment Act and Article III of the United States Constitution, the dispute at issue must be "definite and concrete, touching the legal relations of parties having adverse legal interests," and it must be a "real and substantial" controversy admitting of "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).

When faced with a Rule 12 motion relative to a count for declaratory relief, the only question for the Court is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). It is undisputed that there is a "substantial controversy" between the parties, who have "adverse legal interests." Indeed,

Defendants are actively attempting to foreclose on Plaintiff's home, and Plaintiff claims that Defendants are without the legal authority to do so. *See, generally, Verified Complaint*. Defendants' argument, as it concerns Plaintiff's request for declaratory relief, is an advocacy piece which posits that Defendants are entitled to declaration of rights from this Court that establishes their right to foreclose. *See Defts' Memo. of Law in Support of Their Mot. for Judg. on the Pleadings* at pp. 6-9. Unfortunately for Defendants, to win a Rule 12(c) motion as it relates to Plaintiff's request for declaratory relief, they must show the absence of a constitutional "case or controversy," <u>not</u> that the controversy should be resolved in their favor. *See MedImmune*, 549 U.S. at 127.

Because Plaintiff has sought declaratory relief with respect to a "substantial controversy," Defendants' Motion should be <u>denied</u>.

### B. **Plaintiff Has Adequately Stated a Claim for Injunctive Relief.**

Plaintiff has adequately stated a claim for injunctive relief against Defendants. Whether to issue a preliminary injunction depends upon four factors: 1) the movant's probability of success on the merits; 2) the likelihood of irreparable harm absent preliminary injunctive relief; 3) a comparison between the harm to the movant if no injunction issues and the harm to the objectors if one does issue; and 4) how the granting or denial of an injunction will interact with the public interest. *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996). "The *sine qua non* of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993).

Contrary to the finding of this Court, Plaintiff sufficiently plead that Wells Fargo, as Trustee, does not have legal standing to foreclose on the Property. In Massachusetts, the

statutory power of sale can be exercised by "the mortgagee or his executors, administrators, successors or assigns." M.G.L. c. 183 § 21.  Any effort to foreclose by a party lacking "jurisdiction and authority" to carry out a foreclosure under this statute is void. *United States Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 647 (2011).  A party seeking to establish title via foreclosure sale must prove that the foreclosing entity was the mortgage holder at the time of the notice of sale and foreclosure, or was a party authorized to foreclose under M.G.L. c. 183 § 21 and M.G.L. c. 244 § 14. *Id.* at 651.  Moreover, a mortgagee exercising the statutory power of sale must also either hold the mortgage note or act on behalf of the person or entity holding the mortgage note. *Eaton v. Federal National Mortgage Ass'n*, 462 Mass. 569, 571 (2012).  Plaintiff has sufficiently plead that Defendants lack standing to foreclose because Wells Fargo, as Trustee, is not the lawful holder of the note or the Mortgage.

> 1. **Plaintiff has sufficiently stated a claim giving rise to a right to relief as it concerns Wells Fargo, as Trustee's, purported ownership of an interest in the note.**

For the purposes of Defendants' Motion, it is <u>undisputed</u> that Mr. Marshall executed two versions of a promissory note on November 8, 2005. *See Verified Complaint* at ¶¶ 12, 13; *see also Defts' Memo. of Law in Support of their Mot. for Judg. on the Pleadings* at fn. 1.  As noted by this Court, when presented with the issue of priority between two entities claiming to hold the same note, courts have resorted to a variety of different approaches, utilizing state statutes, common law, or the Uniform Commercial Code. *See* Morgan L. Weinstein, *The Non-Uniform Commercial Code: The Creeping, Problematic Application of Article 9 to Determine Outcomes in Foreclosure Cases*, 14 U.N.H.L. Rev. 267, 280-98 (2016).  This Court has previously rested its analysis on the principle that the priority between two entities that held the same note went to the one that held it first. *See, e.g., Provident Bank v. Cmty. Home Mortg. Corp.*, 498 F. Supp. 2d

558, 572 (E.D.N.Y. 2007) (applying Article 9 of the Commercial Code in addressing the priority of two entities who both held the same note and giving priority to the entity which held the note first); *HSBC Bank USA, N.A. v. Perez*, 165 So. 3d 696, 702 (Fla. Dist. Ct. App. 2015) (same, adopting the holding in *Provident Bank*), *reh'g denied* (June 9, 2015).

Curiously, Defendants label Plaintiff's "dueling notes" argument as "not plausible" despite the fact that Plaintiff has already produced both of the "dueling notes." *Defts' Memo. of Law in Support of their Mot. for Judg. on the Pleadings* at p. 8. Defendants' reliance on *Whitehead v. HMC Assets, LLC* is likewise misplaced. In *Whitehead*, the plaintiff homeowners challenged a pending foreclosure, in part, because of confusion over the travel of the homeowners' note. *Whitehead v. HMC Assets, LLC*, No. 14-cv-13408-IT, 2014 WL 5112111 (D. Mass. Oct. 10, 2014). The confusion was rooted in the homeowners being provided with an out-of-date copy of the note with the notice of foreclosure. *Id*. Thus, what appeared in that case to be competing promissory notes turned out to be nothing more than earlier and later versions of the same document. *Id*. This factual circumstance stands in stark contrast to the case at hand, which undisputedly involves two different note documents.

The allegations of both the Verified Complaint and the Amended Complaint make clear that the Trust was not created until the execution of a Pooling and Servicing Agreement dated February 27, 2006 – the same document that purportedly appointed Wells Fargo Bank, N.A. as Trustee. *See, e.g., Verified Complaint* at ¶¶ 5-6. Plaintiff's allegations are clear that Wells Fargo, as Trustee, could not have held the In Blank Note prior to February 27, 2006 – the date it was appointed Trustee. *Id*. That is more than three months after Plaintiff's timeline establishes Deutsche Bank to be the holder of the Deutsche Bank Note (i.e., November 14, 2005). *See, e.g., Verified Complaint* at ¶¶ 17-19. What is perhaps more significant is that Defendants have

offered absolutely <u>no</u> evidence to suggest that Wells Fargo, as Trustee, became the holder of the In Blank Note prior to November 14, 2005.  In fact, it largely appears that Defendants are avoiding discussion of this fact altogether. *See, e.g.*, *Defts' Memo. of Law in Support of their Mot. for Judg. on the Pleadings* at p. 2 (stating "GMAC, <u>at some point</u> after the loan origination, endorsed the *Note* in blank") (emphasis added).

Thus, Plaintiff has sufficiently plead that Defendants lack standing to foreclose on the Property, and Defendants' Motion should be <u>denied</u>.

> **2. Plaintiff has sufficiently stated a claim giving rise to a right to relief as it concerns Wells Fargo, as Trustee's, purported ownership of an interest in the Mortgage.**

Plaintiff has likewise stated a claim giving rise to a right to relief as it concerns Wells Fargo, as Trustee's, purported ownership of an interest in the Mortgage.  First and foremost, Wells Fargo, as Trustee, claims it became the holder of the Mortgage by assignment from MERS dated August 1, 2012. *See Verified Complaint* at **Attachment 4**.  Assuming *arguendo* that Defendants hold the In Blank Note bearing Mr. Marshall original signature, Defendants entirely ignore the reality that the date of the aforementioned assignment would be evidence of the fact that Wells Fargo, as Trustee, did not hold the In Blank Note until around August 2012.

Defendants continue to express the relationship between MERS and GMAC Mortgage Corporation as "akin to an agency relationship." *Id*.  However, Defendants disregard the fact that agency relationships are not absolute, and Plaintiff's allegations call into significant question whether or not MERS continued to have authority to act on behalf of GMAC Mortgage Corporation in light of its bankruptcy. *See, e.g.*, RESTATEMENT (THIRD) OF AGENCY § 3.06, cmt. b (stating "[f]ollowing the principal's manifestation of assent to an agent, circumstances may change such that, at the time the agent takes action, it is not reasonable for the agent to believe

that the principal at that time consents to the action being taken on the principal's behalf even though the principal has not manifested dissent to the action by that time"); *see also* RESTATEMENT (SECOND) OF AGENCY §§ 113, 114; RESTATEMENT (THIRD) OF AGENCY § 3.06, cmt. c (noting that an illustration of a change in circumstances which may terminate an agent's actual authority is the bankruptcy or insolvency of the principal of which the agent has notice); *see also Audenried v. Betteley*, 90 Mass. 302, 308 (1864).

Thus, Plaintiff has sufficiently plead that Defendants lack standing to foreclose on the Property, and Defendants' Motion should be denied.

### C. Plaintiff Has Adequately Stated a Claim for an Accounting.

Plaintiff has adequately stated a claim for an accounting against Defendants. In fact, Defendants' *own Memorandum* confirms that this claim is ripe – "If a mortgagee begins the process of foreclosure, a suit in the Superior Court will lie to enjoin the foreclosure and to obtain an accounting. In such a suit, the issue [of] whether the mortgage conditions have been violated may be litigated." *Beaton v. Land Court*, 367 Mass. 385, 393 (1975) (citing *McCombs v. Elmes*, 197 Mass. 19, 21-22 (1907). Plaintiff commenced a suit in the Superior Court to enjoin Defendants' foreclosure and has sought to amend the pleadings to include an accounting claim for the reasons stated in her pending Motion for Leave. *See generally Plaintff's Memo. of Law in Support of her Mot. for Leave to File Prop. First Amended Verif. Complaint*.

Defendants offer no authority to support their contention that Plaintiff's claim is either improper or inadequately pled. Rather, Defendants appear to argue that the claim should not be allowed because "all relevant facts related to any accounting claim are not new; they would have all been known to Plaintiff when those original pleadings were filed." *Defts' Memo. of Law in Support of their Mot. for Judg. on the Pleadings* at p. 11. Again, this line of attack is appropriate

for opposing Plaintiff's request for leave to amend, <u>not</u> arguing that such a pleading is inadequate. *See Conley*, 355 U.S. at 45-46.

Thus, Plaintiff has sufficiently stated a claim for an accounting, and Defendants' Motion should be <u>denied</u>.

### D. **<u>Plaintiff Has Adequately Stated a Claim for Fraud.</u>**

Plaintiff has adequately stated a claim for fraud against Defendants. A plaintiff maintains a claim for fraud by pleading the following: 1) a false representation of material fact; 2) with knowledge of its falsity; 3) for the purpose of inducing the plaintiffs to act on this representation; 4) that the plaintiffs reasonably relied on the representation as true; and 5) that they acted upon it to their damage. *Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc.*, 455 Mass. 458, 471 (2009).

Plaintiff's Amended Complaint identifies five (5) false representations of material fact made by Defendants to Plaintiffs: 1) that Wells Fargo, as Trustee, is the holder of the only promissory note; 2) that Wells Fargo, as Trustee, is the holder of the Mortgage; 3) that the Trust is an entity organized under the laws of Delaware; 4) that Wells Fargo, as Trustee, had standing to commence and prosecute the SCRA Action; and 5) that Wells Fargo, as Trustee, has standing to foreclose on the Property. *See Prop. First Amended Verif. Complaint* at ¶¶ 90-94. Plaintiff alleges that Defendants knew of the falsity of these statements. *See Prop. First Amended Verif. Complaint* at ¶ 95. The statements were made in an effort to defraud Plaintiffs into believing that Wells Fargo, as Trustee, was the entity that owned the interest in Mr. Marshall's loan, and that Defendants were entitled to receive mortgage payments as a result thereof. Plaintiffs believed the statements to be true until shortly after Mr. Marshall's death, when Plaintiff obtained the loan file from the closing attorney's office. *See Verified Complaint* at ¶ 34. For several years, Plaintiffs acted on these misrepresentations to their detriment (e.g. making loan

payments, among other things), and Plaintiffs continue to suffer harm from Defendants' (e.g. defending against Defendants' unlawful foreclose efforts on the Property, among other things).

Thus, Plaintiff has sufficiently stated a claim for fraud, and Defendants' Motion should be <u>denied</u>.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court <u>DENY</u> Defendants' Motion for Judgment on the Pleadings.

Dated: December 7, 2016

Respectfully Submitted
*JOANNA LYNN BELANGER*
By Her Attorney,


/s/ Peter G. Calabrese                     .
Peter G. Calabrese, Esq. (BBO #682715)
CALABRESE LAW ASSOCIATES, PLLC.
One Boston Place, Suite 2600
Boston, MA 02108
T – (617) 340-6623
F – (617) 203-1795
peter.calabrese@calalaw.com


## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on December 7, 2016, a true copy of the above document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

/s/ Peter G. Calabrese                     .